IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **REGINALD ALAN DAVIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 11-3076-STA-cgc |
| ) | |
| **CITY OF MEMPHIS FIRE** ) | |
| **DEPARTMENT; MAYOR A.C.** ) | |
| **WHARTON; ALVIN BENSON,** ) | |
| individually and in his official capacity ) | |
| as Director of the Fire Department; ) | |
| **SANDRA RICHARDS, individually and** ) | |
| in her official capacity; and **DARYL** ) | |
| **PAYTON, individually and in his** ) | |
| official capacity, ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT, GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT, AND DENYING DEFENDANTS' MOTIONS TO DISMISS**

Before the Court are Defendants Alvin Benson and Daryle Payton's ("the Individual Defendants") Motion to Dismiss (D.E. # 25), filed on February 23, 2012 and Motion for a More Definite Statement (D.E. # 26), filed on February 23, 2012; Plaintiff's Motion to Amend the Complaint (D.E. # 35), filed on March 30, 2012; and Defendants the City of Memphis, Mayor A.C. Wharton, and all remaining Defendants in their official capacities' ("Defendants") Motion to Dismiss (D.E. # 44), filed on April 26, 2012.  The Individual Defendants responded to Plaintiff's Motion to Amend the Complaint (D.E. # 37) on April 3, 2012.  For the following

1

reasons, the Motions to Dismiss are **DENIED WITHOUT PREJUDICE**, the Individual Defendants' Motion for a More Definite Statement is **GRANTED**, and Plaintiff's Motion to Amend the Complaint is **GRANTED**.

## BACKGROUND

Despite its relative youth, this case has already developed a complex procedural history. Plaintiff first filed his verified Complaint appearing to allege claims of race and gender discrimination under Title VII of the Civil Rights Act ("Title VII") and 42 U.S.C. §§ 1981, 1982, 1983, and 1985, common law assault, the Tennessee Public Protection Act, and violations of equal protection and due process on December 10, 2011. (D.E. # 1.) Plaintiff filed his First Amended Complaint on December 13, 2011, and he filed his Second Amended Complaint on December 22, 2011. (D.E. # 4, 15.) Defendants filed an Answer on January 24, 2012. (D.E. # 20.) The same day that Plaintiff filed a Motion for Default Judgment against the Individual Defendants, they filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") and a Motion for a More Definite Statement under Federal Rule of Civil Procedure 12(e) ("Rule 12(e)") on February 23, 2012. (D.E. # 25-26.) After the Court denied Plaintiff's Motion for Default Judgment (D.E. # 24), Plaintiff filed a Motion to Amend the Complaint on March 14, 2012 (D.E. # 30), which the Court denied for failure to consult under Local Rule 7.2 and for failing to attach a proposed amended complaint. (D.E. # 31.) Plaintiff then refiled his Motion after consulting with Defendants on March 30, 2012, and she attached a copy of his Proposed Third Amended Complaint ("Third Amended Complaint"). (D.E. # 35.)

After the Individual Defendants filed their Response to this Motion (D.E. # 37), Plaintiff filed a Motion for a Temporary Restraining Order, Preliminary Injunction, and Permanent

2

Injunction (D.E. # 40) on April 25, 2012, to prohibit the City of Memphis from holding an administrative hearing at which Plaintiff could have faced termination. The Court denied Plaintiff's Motion for a Temporary Restraining Order that same day (D.E. # 43), but it did not reach Plaintiff's Motion for a Preliminary and Permanent Injunction. Neither of these Motions are currently set for hearing. Finally, Defendants filed the second Motion to Dismiss currently before the Court.

## STANDARDS OF REVIEW

### Motion to Amend the Complaint

Federal Rule of Civil Procedure 15(a)(1) ("Rule 15(a)") governs amendments of pleadings before trial as a matter of course.[1] It provides that "[a] party may amend its pleading *once* as a matter of course within [either twenty-one] days after serving it or, if the pleading is one to which a responsive pleading is required, [twenty-one] days after service of a responsive pleading or [twenty-one] days after service of a motion under Rule 12(b) [or] (e)."[2] In other instances, under Federal Rule of Civil Procedure 15(a)(2), a pleading may be amended "only by leave of court . . . and leave shall be freely given when justice so requires."[3] A motion to amend a complaint should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the nonmovant, or futility.[4]

### Motion to Dismiss for Failure to State a Claim

---

[1] Fed. R. Civ. P. 15(a)(1) (emphasis added).

[2] Fed. R. Civ. P. 15(a)(1)(A-B).

[3] Fed. R. Civ. P. 15(a)(2).

[4] *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 519 (6th Cir. 2001).

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted" under Rule 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pled factual allegations of the complaint as true, construe those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the plaintiff.[5] However, legal conclusions "masquerading as factual allegations" or unwarranted factual inferences including "conclusory allegations" need not be accepted as true.[6] To avoid dismissal under Rule 12(b)(6), "the complaint must contain either direct or inferential allegations" with respect to all material elements of the claim.[7]

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"[8] Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[9] To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its

---

[5] *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2007).

[6] *Id.*

[7] *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

[8] Fed. R. Civ. P. 8(a)(2).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 684-85 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

face."[10]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]

### Motion for a More Definite Statement

Rule 12(e) provides that "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."[12]  Motions under Rule 12(e) "must be made before filing a responsive pleading and must point out the defects complained of and the details desired."[13]  Notably, "[i]f the court orders a more definite statement and the order is not obeyed within [fourteen] days after notice of the order . . . , the court may strike the pleading or issue any other appropriate order."[14]

Federal courts generally disfavor motions for more definite statements, and in light of Rule 8(a)(2)'s notice pleading standards and the opportunity for extensive pretrial discovery, courts rarely grant such motions.[15]  Rule 12(e) motions should not be granted unless the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the

---

[10]  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

[11]  *Iqbal*, 556 U.S. at 678.

[12]  Fed. R. Civ. P. 12(e).

[13]  *Id.*  Here, the Individual Defendants did not form part of the group of Defendants which filed the Answer at D.E. # 20.  Therefore, the Motion for a More Definite Statement is properly before the Court.

[14]  *Id.*

[15]  *EEOC v. FPM Grp. Ltd.*, 657 F. Supp. 2d 957, 966 (E.D. Tenn. 2009); *Fed. Ins. Co. v. Webne*, 513 F. Supp. 2d 921, 924 (N.D. Ohio 2007).

defendant seriously in attempting to answer it."[16] Generally, if the complaint meets the requirements of Rule 8(a), the motion for a more definite statement should be denied.[17]

## ANALYSIS

### Motion for a More Definite Statement and Motion to Amend the Complaint

The Court will begin by determining whether Plaintiff can amend his Complaint a third time as a matter of course under Rule 15(a)(1). Although Plaintiff initially filed his Motion to Amend the Complaint within twenty-one days of the Individual Defendants' Motion to Dismiss, the Court finds that Plaintiff is constrained by his prior amendments. Plaintiff has already amended the Complaint twice as a matter of course, both times before any defendant filed an answer or a motion to dismiss. Thus, Plaintiff has already amended his Complaint at least once under Rule 15(a)(1), and he cannot rely on that portion of Rule 15 again. Accordingly, the Court turns to Rule 15(a)(2) and the Individual Defendants' Motion for a More Definite Statement.

In their Motion, the Individual Defendants argue that "it is impossible to discern which Defendants the Plaintiff has brought his claims against because the Plaintiff asserts the claims generally against the "Defendants."[18] The Individual Defendants further assert that "[c]omplicating . . . the analysis of the factual basis for the claims is the 'stream-of-consciousness accusations' which the Plaintiff used in preparing the [Second] Amended

---

[16]   *FPM Grp.*, 657 F. Supp. 2d at 966.

[17]   *Id.* (citing *Shirk v. Fifth Third Bankcorp*, No. 05-cv-049, 2008 WL 4449024, at *8 (S.D. Ohio Sept. 26, 2008)).

[18]   (Individual Defs.' Mot., D.E. # 26, at 1.)

Complaint and in describing the particular claims."[19]  Furthermore, the Individual Defendants noted that the Second Amended Complaint fails to conform to Federal Rule of Civil Procedure 10(b)'s ("Rule 10(b)") requirements.[20]  Although the Certificate of Consultation indicates that Plaintiff opposed the Motion, Plaintiff never filed a Response in opposition.[21]

The Court finds that although the Second Amended Complaint is full of factual allegations, it fails to comply with Rule 10(b).  Rule 10(b), which governs the form of pleadings, provides that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ."[22]  Plaintiff's Second Amended Complaint does not identify which Defendants violated which of Plaintiff's rights.  The original, First, and Second Amended Complaints are somewhat verbose, grammatically incorrect, and hard to understand because Plaintiff does not identify which actions apply to which Count and which Defendants performed each action underlying each Count.  Furthermore, some Counts contain more than one ground or claim for relief, which is improper and violates Rule 10(b).  Moreover, requiring any of the Defendants to prepare a responsive pleading to the Second Amended Complaint would severely prejudice Defendants.  Each paragraph of the Second Amended Complaint is full of factual allegations, some of them vague and ambiguous, but all of them requiring a response.  Indeed, one paragraph is at least one full

---

[19]  (Id.)

[20]  (Id. at 2.)

[21]  (Id.)

[22]  Fed. R. Civ. P. 10(b).

7

page of text.  Defendants cannot reasonably be expected to respond to such unclear, lengthy allegations.

Therefore, the Court will **GRANT** the Individual Defendants' Motion for a More Definite Statement, and it also **GRANTS** Plaintiff's Motion to Amend the Complaint.  However, the proposed Third Amended Complaint attached to Plaintiff's Motion will not do.  Plaintiff is hereby required to redraft his Third Amended Complaint to ensure that it complies with the requirements of Rule 10(b) and Rule 8.  Plaintiff is warned that the Court will strictly enforce the pleading requirements as relates to these Rules.  Plaintiff shall refile his Third Amended Complaint as a separate docket entry within fourteen days of entry of this Order.

## Motions to Dismiss

It is well-settled than an amended complaint supersedes the original complaint and renders the initial pleading a nullity.[23]  Courts in this Circuit and others will deny motions to dismiss a complaint as moot after a plaintiff subsequently files an amended complaint.[24]  Here, both Motions to Dismiss currently before the Court are directed toward Plaintiff's Second Amended Complaint at D.E. # 20.  When Plaintiff files his Third Amended Complaint, the Second Amended Complaint will be superseded, thereby mooting all of the pending Motions to Dismiss.  Accordingly, the Court will now **DENY** them without prejudice to re-file.  Once

---

[23]     *B&H Medical, L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 258 (6th Cir. 2008).

[24]     *See, e.g.*, *Pinks v. Lowe's Home Ctrs., Inc.*, 83 Fed. App'x. 90 (6th Cir. 2003); *McCloy v. Corr. Med. Servs.*, No. 07-13839, 2009 WL 190035, at *2 (E.D. Mich. Jan. 27, 2009); *Williams v. Kelly*, No. 07-10999, 2007 WL 2951303, at *1 (E.D. Mich. Oct. 10, 2007); *see also Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001); *Milton v. Chicago Park Dist.*, No. 97-3166, 1998 WL 516805, at *1 (7th Cir. July 29, 1998); *Wiser v. ASI-Agrieserve, Inc.*, No. 09-cv-91E, 2009 WL 1422060, at *1 (W.D. Pa. May 20, 2009).

Plaintiff files the Third Amended Complaint, Defendants shall have fourteen days from the date of its filing to file a responsive pleading or other Motions as they see fit.

## CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are **DENIED WITHOUT PREJUDICE**, the Individual Defendants' Motion for a More Definite Statement is **GRANTED**, and Plaintiff's Motion to Amend the Complaint is **GRANTED**.

The Court understands that Plaintiff's Motion for a Preliminary and Permanent Injunction remains pending. While it recognizes that the requested extraordinary relief is still outstanding, in light of the forthcoming filing of the Third Amended Complaint, the Court will wait to set the Motion for a Preliminary and Permanent Injunction for hearing until it can review the Third Amended Complaint to determine whether a hearing is required.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: May 31st, 2012.